[Crim. No. 4899. Second Dist., Div. Three. June 23, 1953.]

THE PEOPLE, Respondent, v. OSCAR ARIAS, Appellant.

Oscar Arias, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

SHINN, P. J.—Oscar Arias was convicted in a jury trial of robbery. It was found that it was robbery of the first degree and at the time of the offense defendant was armed. He had counsel at the trial but presents his appeal in propria persona. His principal contention is that the evidence was insufficient to justify the verdict.

The property taken was one bottle containing 1000 APC's and certain medical instruments. They were taken from one Lester L. Clark, Jr., a student in the College of Osteopathy who was also employed as a first aid attendant in an emergency surgical hospital. Clark testified that when he was on duty at the hospital at about 10:45 p. m. a 1949 or 1950 Ford was driven onto the parking lot with its lights shining into the window. He looked out and saw one person in the car. He answered the front doorbell and when he opened the door he was confronted by a man in a trench coat with a handkerchief over his lower face and a bandage applied to his head. He was holding what appeared to be a .45 automatic; he put the gun to Clark's back and shoved him forward; he demanded morphine and, being told there was none, demanded cocaine; he was told there was nothing on hand except a mild analgesic tablet called APC's. Clark went to a cabinet where there were three bottles of these tablets, one full and the others partially filled. The man demanded the full one, took it and put it in his pocket. He required Clark to lie down on a table and after looking around for a time came back with a roll of tape and taped Clark's hands behind his back. He asked where the stethescope and the syringes were kept and Clark heard him take the stethescope from a hook where it was hung; it disappeared and was not recovered.

The man went through cabinet drawers. He told Clark he was a German Jew and he talked with a soft German accent. The handkerchief around his face was white with a blue border. He wore a pair of new leather gloves. After he left Clark called the police and gave the officers pieces of tape which he had cut from his wrists. Two days after the robbery defendant was arrested while driving a 1950 Ford which he had rented shortly before the robbery. Defendant and the arresting officer went to the.former's room. There the officer found a trench coat and in a pocket a white handkerchief with a blue border. He also found a gun holster and .45 shells for an automatic. In the trench coat was found an envelope from the hospital containing APC pills. These article were introduced in evidence. Defendant admitted ownership of the coat, the holster, the handkerchief and the pills. He admitted having owned a .45 automatic but said it had been taken away from him by sheriff's deputies. A roll of adhesive tape was found in a pocket of defendant's coat, which he said he used to tape his hands in his work. Defendant had been treated in the hospital on four occasions and on two occasions Clark had sent him. It was shown by the hospital records that during the treatments no pills had been given defendant. He claimed to have received the pills from Clark at the hospital, which was denied by the latter.

Testifying as a witness, defendant claimed he was in bed at the time of the robbery; that he took one pyrobenzedrine pill, went to sleep and, about midnight, took another pill. He testified he suffered from hives and that on the night of the robbery there was much swelling around and underneath his eyes. He denied that he had ever used narcotics, and it was admitted that the APC pills are used to reduce pain, and are not a narcotic.

█ The contention that the identification by Clark was insufficient is not sustainable. He was positive as to defendant's identity and mentioned characteristics which enabled him to make the identification. Defendant is of Mexican and Belgian extraction and has no foreign accent, and although Clark testified that the robber spoke with a soft German accent, the jury could have believed that this was simulated. The identification of defendant with the corroborating circumstances furnished sufficient evidence to justify the verdict.

█ Defendant complains that an instruction on circumstantial evidence should have been given. The instructions are not contained in the record and the point need not be

considered. However, the principal evidence of the People was direct, the circumstantial evidence merely corroborative, and an instruction on circumstantial evidence was unnecessary. (*People* v. *Jerman,* 29 Cal.2d 189, 197 [173 P.2d 805].)

There are no other claims of errors which require attention. The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.